## 10200

### RAINES *ET AL.* v. STONE *ET AL.*

(99 S. E. 353.)

1. ELECTIONS — PARTY ORGANIZATION — EXECUTIVE COMMITTEE—VACANCIES.—A political party has the right to determine who shall compose its executive commititee, how members thereof shall be chosen, what powers the committee shall exercise, and how vacancies in the committee shall be filled.

2. ELECTIONS—POLITICAL PARTIES—APPOINTMENT TO EXECUTIVE COMMITTEE—REVIEW OF DISCRETION.—Where the constitution of a political party provided that a vacancy upon its executive committee could be filled by written nomination of the president of the club, confirmed by its executive committee, and the executive committee declined to receive as a committeeman one chosen by the club which had no president or vice president, the matter being within the discretion of the committee, the Court will not undertake to determine how that discretion shall be exercised, where not arbitrariily or capriciously exercised.

3. ELECTIONS—CONVENTIONS—DELEGATION OF POWER TO EXECUTIVE COMMITTEE—CONTESTS.—It is within the power of a political party in convention assembled to give its executive committee the power to pass upon and determine contests and make up a *prima facie* roll of delegates and to allow delegates who have been held by the executive committee to be rightfully entitled to sit as delegates to vote even upon appeals to the convention from decisions of the executive committee.

4. ELECTIONS — PARTIES — SELECTION OF COMMITTEEMEN — OMISSION IN RULES.—That the constitution of a political party provided for the filing of a vacancy on a written nomination by a president or vice president of a club and refused to accept as a member one chosen by a club which had no president or vice president shows an omission in the rules which will not be supplied by the Court.

In the Original Jurisdiction of the Supreme Court.

Application by Henry E. Raines and others for *certiorari*, A. Marion Stone and others being respondents, to review the action of the city Democratic executive committee of the city of Charleston in refusing to recognize O. H. Bissell as a member of such committee and refusing him participation with the committee in the determination of certain contests. Writ refused, rule discharged, temporary restraining order revoked.

*Augustine T. Smythe* and *William Henry Parker,* for plaintiffs.

*John P. Grace, W. Turner Logan* and *John I. Cosgrove,* for respondents.

May 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an application for the writ of *certiorari* to review the action of the city Democratic executive committee of the city of Charleston in refusing to recognize O. H. Bissell as a member of that committee and in refusing to allow him to participate with the committee in the determination of certain contests pending before the committee as to the right of certain contested delegations from several of the ward clubs to be put upon the *prima facie* roll of delegates to the city Democratic convention which was held on the first Monday in May, 1919, and also to review the action of the convention in sustaining the decision of the executive committee and in allowing the contested delegates whose name had been put upon the *prima facie* roll of delegates by the executive to take part in the proceedings of the convention and vote upon their own right to sit as delegates in the convention.

On motion of the petitioners, a rule was issued requiring the defendants to show cause why the writ should not be issued, and restraining further action of the committee and

convention pending the hearing of the return to the rule. The matter was heard on the 23d of May, the last day of the present term, and, on account of pressure of other duties upon the Court, it is impracticable to prepare an extended opinion giving in full our reasons for refusing the writ. But, as the matter is of local public interest, and as the party machinery has been stopped by the restraining order herein, it is apparent that a prompt decision should be made.

The gravamen of the complaint of the petitioners is that the executive committee acted arbitrarily and contrary to law and the rules of the party in excluding Mr. Bissell from membership in the committee. All their further contentions depend upon the validity or invalidity of that action of the committee. If the committee acted within its rights, under the rules of the party, in refusing to admit Mr. Bissell to membership, the allegations of illegality in subsequent proceedings fall to the ground.

It need hardly be said that the party had the right to determine who shall compose the executive committee, how its members shall be chosen, what powers it shall exercise, and how vacancies in the committee shall be filled. The issue here arises out of the provision made in the rules for filling a vacancy in the committee, and the power of the committee to determine contests and make up a *prima facie* roll of delegates to the convention. Article XI of the Constitution of the party provides that a vacancy on the committee by death, removal from the ward, resignation, or otherwise shall be filled by the written nomination of the president of the club, to be confirmed by the executive committee, and that, if the office of president of the club be vacant by reason of death, removal from the ward, resignation, or otherwise, the power of nomination hereby vested in the president shall be exercised by the vice president of the club. There was a vacancy on the committee from club 2, ward 8. The president of the club had removed from the ward, and the vice president had died, and, of course, neither

could act in the nomination of an executive committeeman
from that club, and the rules made no other or further pro-
vision for filling the vacancy.    Under these circumstances,
when the club met for reorganization and election of dele-
gates to the May, 1919, convention, the club elected Mr. Bis-
sell as its executive committeeman.    But the committee ruled
that he had not been nominated in the manner prescribed
by the rules of the party for filling the vacancy and refused
to admit him to the committee.  In this action we see no error
of law or arbitrary action as calls for the exercise of the
power of this Court under the writ of *certiorari*.    By the
rules of the party the executive committee had the power, in
its discretion, to confirm or refuse confirmation of a nomina-
tion made in the manner prescribed by the rules.    And it is
well settled that, where a discretion is to be exercised, the
Court will not undertake to determine how it shall be exer-
cised, provided, only that it shall not be arbitrarily or capri-
ciously exercised.    As clearly was it within the power of the
party in convention assembled to give its executive commit-
tee the power to pass upon and determine contests and make
up a *prima facie* roll of delegates, and it was and is as clearly
within its power to allow those delegates who have been held
by the executive committee to be rightfully entitled to sit as
delegates to vote even upon appeals to the convention from
the decisions of the executive committee.    The party could
have made the decision of the executive committee final.
Hence, of course, it could allow an appeal from its decision
to the convention upon such conditions as it might see fit.
We are not called upon to pass upon the propriety of a rule
allowing delegates whose seats are contested to vote upon
their own right to membership in the convention, nor upon
the delicacy of a contested delegate voting upon his own
right to a seat in the convention.    We are only called upon
to determine whether there has been any error of law, viola-
tion of law, or the rules of the party, or arbitrary or capri-

cious action, which has resulted in prejudice to the rights of the petitioners; and we find none such.

The petitioners' counsel suggest that there is plainly a *casus omissus* in the rules in failing to provide a method of selecting an executive committeeman where neither the president nor vice president of the club can act, and that the omission may be supplied by the Court. We do not think so. That would be taking upon ourselves a power and discretion which is not vested in us by law or by authority of the city Democratic party.

It is, therefore, ordered that the writ be refused, and the rule discharged, and the temporary restraining order heretofore granted be revoked.